# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:04-cr-00494-RLH-LRL-1 |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Reduction of Sentence–#74) |
| ROBERT KUNHART, | |
| Defendant. | |

Before the Court is Defendant Robert Kunhart's **Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(b) And In Conjunction with Rule 35** (#74), filed December 20, 2010.

## BACKGROUND

On June 15, 2007, Kunhart plead guilty to five counts of bank robbery and two counts of car jacking. The Court sentenced Kunhart to prison for a term of 188 months for each bank robbery count, to run concurrently. The Court also sentenced him to 180 months for each car jacking count, also to run concurrently. The sentences for the car jacking counts run concurrently with the sentences for the bank robbery counts.

/

AO 72
(Rev. 8/82)

On December 20, 2010—over three years after his sentencing—Kunhart filed this motion for a reduction of his sentence. Kunhart filed this motion pursuant to 18 U.S.C. § 3582(b) and Rule 35 of the Rules of Criminal Procedure. For the reasons discussed below, the Court denies Kunhart's motion.

**DISCUSSION**

Under 18 U.S.C. § 3582(b), a district court can correct a sentence of imprisonment if the court acts pursuant to Rule 35 of the Rules of Criminal Procedure. Rule 35 allows a court to correct a sentence within 14 days after sentencing if that erroneous sentence resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Kunhart claims that there is newly discovered evidence showing that the Court committed clear error when he was sentenced to imprisonment. Specifically, Kunhart argues that it was clear error for the Court to accept a guilty plea for car jacking because he did not have the requisite intent for car jacking under 18 U.S.C. § 2119. He further argues that it was clear error for the Court to increase his base offense level for car jacking by 2 levels because his actions do not fit within the definition of "car jacking" under the sentencing guidelines. U.S. Sentencing Guidelines Manual § 2B3.1(b)(5) (2010).

Kunhart's arguments fail for at least three reasons. First, Rule 35 allows a court to correct a sentence within 14 days of sentencing and this motion was filed more than three years after sentencing. Therefore, the motion is exceptionally late. Second, even if the motion was timely filed, Kunhart presents no evidence—other than his own interpretation of the law—that would demonstrate clear error by the Court. Third, the issues Kunhart raises in this motion are issues which are properly addressed on appeal, not in a motion for a sentence reduction. However, Kunhart waived his right to appeal in the plea agreement, and any appeal would be untimely. (Dkt. # 65, Plea Agreement, March 5, 2007, 6:16-23). Therefore, the Court denies the motion.

/

/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Kunhart's Motion for Reduction of Sentence (#74) is DENIED.

Dated: January 6, 2011

ROGER L. HUNT
Chief United States District Judge