# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                             )<br>                      Plaintiff,          )<br>                                                             )<br>         vs.                                            )<br>                                                             )<br> ROBERT BRUCE KUNHART,        )<br>                                                             )<br>                      Defendant.       )<br> _____)  | Case No. 2:04-cr-0494-RLH-VCF<br><br>**O R D E R**<br>(Motion Pursuant to §2241 or §2255–#85) |

       Before the Court is Defendant's **Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. §2241)** (#85), originally filed in the Central District of California on October 21, 2011, and transferred to this Court on May 10, 2012. The motion/Petition and the files and records of the case conclusively show that the prisoner is entitled to no relief (*see* 28 U.S.C. §2255(b). Accordingly, the Motion/Petition will be summarily denied.

       On March 5, 2001, this Court received Defendant's guilty plea to multiple counts of bank robbery and carjacking. On June 15, 2007, this Court held a sentencing hearing and sentenced Defendant to concurrent 188 and 180 month terms to be followed by a three-year term of supervised release. The Judgment was filed June 22, 2007.

       Defendant did not appeal the conviction or the sentence, nor did he file a 28 U.S.C. §2255 motion with respect to the conviction or sentence.

Three and a half years after he was sentenced, on December 20, 2010, Defendant filed a motion for reduction of sentence (the "Sentence Motion").  This Court denied that motion on January 6, 2011, (Docket #75)  stating three reasons: 1) Rule 35 requires that a motion to correct a sentence within 14 days of sentencing and the motion was filed more than three years after sentencing; 2) no evidence was presented to show clear error; and 3) the issues raised should have been brought in an appeal and Defendant waived his right to appeal in the plea agreement.  On January 21, 2011, Defendant appealed the foregoing decision (Docket # 76), and on July 7, 2011, the Ninth Circuit affirmed this Court's January 6, 2011, decision (Docket # 81), finding that "[a] review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument."

Now, nearly four and a half years after the sentencing, Defendant filed this Motion/Petition improperly in the Central District of California, and, also improperly, on the basis of 28 U.S.C. §2841.  Over the signature of the Honorable David O. Carter, the Central District Court provided a careful analysis of the present Motion/Petition, carefully describing the information above, and  finding that the Petition is an improper use of §2241 and that it is, in reality, a disguised §2255 motion; that there was no jurisdiction under §2241 and Defendant is barred from pursuing  §2255 relief due to the untimeliness of the Petition.  However, recognizing that a §2255 motion is more properly within the jurisdiction of this Court, Judge Carter transferred the Motion/Petition, together with a copy of his Order, to this Court for resolution.

Because this Court has already dealt with the substance of this Motion/Petition previously, and its decision to deny was affirmed by the Ninth Circuit, and because Judge Carter's analysis is both articulate and accurate, the Court will adopt and incorporate hereat, *in haec verba,* that Order, to avoid undue repetition.

/ / /

/ / /

/ / /

2

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's **Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. §2241)** (#85) is DENIED.

Dated: May 11, 2012.

_____
**Roger L. Hunt**
**United States District Judge**