# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROBERT KUNHART,<br><br>        Defendant. | Case No. 2:04-cr-494-RLH<br><br>**O R D E R**<br>(Motion to Reopen Post Conviction Proceedings Pursuant to R. 60(b)–#88) |

       Before the Court is Defendant's spurious Motion to Reopen Post Conviction Proceedings Pursuant to Rule 60(b) (#88, filed June 4, 2012). The Motion will be summarily denied.

       On March 5, 2001, Defendant pled guilty to multiple counts of bank robbery and carjacking. On June 15, 2007, this Court sentenced Defendant to concurrent 188 and 180 months terms of incarceration. The judgment was filed June 22, 2007. Defendant did not appeal nor file a 28 U.S.C. §2255 motion regarding the conviction or sentence.

       On December 20, 2010, three and one-half years after sentencing, he filed a motion for reduction of sentence. The motion was denied January 6, 2011. He appealed that decision. The decision was affirmed by the Court of Appeals on January 6, 2011, which found that "[a] review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument."

       On October 21, 2011, nearly four and one-half years after sentencing, Defendant filed a motion/petition (improperly in the Central District of California, which transferred the case to this

Court) on the basis of 28 U.S.C. §2241. This Court denied that motion on May 11, 2012, finding that the motion was an improper use of §2241, and that it was, in reality, a disguised §2255 motion (the substance of which had already been addressed by the Ninth Circuit Court of Appeals) which was untimely.

Having failed to bring the appropriate actions at the appropriate time, and having failed to present any meritorious claims in any of the preceding motions or petitions, Defendant Kunhart now brings this motion based upon Fed. R. Civ. P. 60(b). It, too, has no merit.

The basis for the motion is Defendant's admitted failure to make his arguments clearly in the proceeding filings, and he wishes another chance to say it correctly. That is not a basis for relief under Rule 60(b).

Rule 60(b) provides relief when there has been a mistake, inadvertence, surprise, or excusable neglect, or when there is newly discovered evidence, fraud on the court, or the judgment is void for some reason. None of those bases is presented in the present motion.

Furthermore, Rule 60(c) requires that a motion under Rule 60(b), based on the reasons stated above, must be brought within a year after the entry of the judgment. It has now been almost five years after Defendant's judgment of sentence was entered! He acknowledges that he waived his right to appeal. His arguments, that he really did not do the things he admitted, under oath, to doing at the time of his guilty plea, ring hollow.

IT IS THEREFORE ORDERED that Defendant's Motion to Reopen Post Conviction Proceedings Pursuant to Rule 60(b) (#88) is denied.

Dated: June 5, 2012.

_____
Roger L. Hunt
United States District Judge